30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Robert SALERNO, Defendant-Appellant.
 No. 94-1331.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 18, 1994.
Decided Aug. 1, 1994.
 
 Before CUDAHY, EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 In earlier proceedings, this court determined that it has jurisdiction of this appeal and directed the parties to address the merits promptly, consistently with the recommendation of Abney v. United States, 431 U.S. 651, 662 n. 8 (1977), that courts resolve interlocutory double jeopardy appeals with dispatch. The memoranda have been received, and the case is ready for decision. (The panel has concluded that oral argument would not be helpful.)
 
 
 2
 Salerno argues that his acquittal on Count One, the main RICO count, necessarily absolves him of association with the "enterprise" and therefore precludes prosecution on the murder and kidnapping charges (Counts Eight and Nine), on which the jury was unable to reach a verdict. The district court denied Salerno's motion to bar a second trial, concluding that his position mischaracterizes the significance of the verdict.
 
 
 3
 If Salerno is right, the jury acted inconsistently in acquitting him on one count while not returning a verdict on the others. If the jury believed that he was not associated with the enterprise, then it had to acquit on all three counts. The alternative way to understand the verdict avoids an attribution of incoherence. As the district court observed, the jury returned special verdicts on the predicate acts. Salerno was charged with three such acts: two extortions and one murder. The jury found that he was not involved in the extortions and could not agree unanimously whether he was involved in the murder. That left a maximum of one predicate act and compelled the jury to acquit on the RICO charge, which it did, without regard to whether Salerno was associated with the enterprise. Everything makes sense if the jury believed that Salerno was associated with the enterprise (or never reached that question in its deliberations) but could not agree on whether he participated in the murder. Then we have a standard jury deadlock, and double jeopardy principles permit a second trial.
 
 
 4
 Salerno concedes that this is a possible understanding but argues that "a jury can acquit on more than one ground." True enough as a factual proposition, but this appeal depends on principles of issue preclusion (collateral estoppel). A litigant is estopped only with respect to factual issues actually and necessarily resolved by the first decision. Speculation that the jury may have had a belief about his association with the enterprise does not show that the jury actually reached that conclusion. The special verdicts establish that such a conclusion was not necessary to the disposition. The double jeopardy element of collateral estoppel covers only what is indisputably and necessarily decided, Dowling v. United States, 493 U.S. 342 (1990), and Salerno cannot show that the jury must have resolved the "enterprise" question in his favor. That is as far as we need go to agree with the district court's conclusion.
 
 
 5
 AFFIRMED.